# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| Mary Thome and Kimberly Usher on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>The Sayer Law Group, P.C.,<br><br>Defendant. | **Case No.**<br><br><br>**CLASS ACTION COMPLAINT WITH JURY TRIAL DEMANDED** |

COME NOW the Plaintiffs Mary Thome and Kimberly Usher (hereinafter collectively referred to as "Plaintiffs") on behalf of themselves and all other similarly situated, and for their Class Action Complaint against the Defendant, The Sayer Law Group, P.C. (hereinafter "Defendant" or "Defendant Sayer", states as Follows:

## INTRODUCTION

1. This action arises out of Defendant's violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. This Class Action Complaint seeks, on behalf of the Plaintiffs and all other consumers nationwide similarly situated, declaratory judgment, injunctive relief, as well as statutory damages against the Defendant for its routine practices of sending collection letters in similar form as Exhibits B and C to consumers nationwide in violation of 15 U.S.C. §§ 1692e, e(2), e(5), e(10) and g(a).

## JURISDICTION

3. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692, and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, one or more of the Plaintiffs reside in this District, and the Defendant transacts substantial business in this District.

## PARTIES

5. Plaintiff, Mary Thome (hereinafter "Plaintiff Thome"), is a natural person who resides in the city of Meservey, county of Cerro Gordo, state of Iowa, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff Kimberly Usher (hereinafter "Plaintiff Usher"), is a natural person who resides in the city of Charles City, county of Floyd, state of Iowa, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Sayer is a professional corporation incorporated under the laws of the state of Iowa, is licensed to do business in the state of Iowa, regularly conducts business within said State, has a principal place of business located at 925 E. 4th Street, Waterloo, Iowa 50703, and has a registered agent, Brian G. Sayer, in the state of Iowa at 925 E. 4th Street, Waterloo, IA 50703. Defendant Sayer is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## PURPOSE OF THE FAIR DEBT COLLECTION PRACTICES ACT AND IOWA DEBT COLLECTION PRACTICES ACT

8. The FDCPA was enacted to eliminate abusive, deceptive, and unfair debt collection practices because prior law was inadequate and is constructed "to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF THOME

9. On or about March 25, 2015, Plaintiff Thome executed a Note (hereinafter "Thome note"), in favor of Mortgage Research Center, LLC dba Veterans United Home Loans, A Missouri Limited Liability Company for $49,000.00.

10. Plaintiff Thome further executed a mortgage (hereinafter "Thome mortgage") in favor of Mortgage Research Center, LLC dba Veterans United Home Loans, A Missouri Limited Liability Company to secure the above-mentioned Thome note, which was subsequently recorded on March 26, 2015 in the office of the Cerro Gordo County Recorder at book 2015, page 1633.

11. The mortgaged property's legal description is:

> The East Eighty (80) Feet of Lots Four (4), Five (5) and Six (6) in Block Fourteen (14) in Meservey, Iowa.

The mortgaged property is locally known as 209 Ohio St., Meservey, IA 50457; Plaintiff Thome presently resides at said address.

12. Sometime after March 25, 2015, Mortgage Research Center, LLC sold/assigned the Thome mortgage and Thome note to Wells Fargo Home Mortgage.

13. Sometime after March 25, 2015, Plaintiff Thome defaulted on the above-referenced Thome Note following a failure to make monthly payments required under the terms Thome note and Thome mortgage.

14. Sometime after said default, Wells Fargo Home Mortgage retained the services of Defendant Sayer, a self-acknowledged debt collector as indicated on Defendant Sayer's website, www.sayerlaw.com, as of December 3, 2020. A copy of the web page is attached hereto as Exhibit A.

15. On or about January 27, 2020, Defendant Sayer sent Plaintiff Thome a letter entitled "Demand for Payment," which sought to collect a consumer debt on behalf of Wells Fargo

Home Mortgage. Said letter stated in part that Plaintiff Thome was required to render payment of an accelerated balance of $46,055.75 within fourteen (14) days. A copy of said letter is attached hereto as Exhibit B.

16. In addition to seeking payment on the Thome note, Exhibit B identified Defendant Sayer as a debt collector attempting to collect a debt on behalf of Wells Fargo Home Mortgage.

17. Defendant Sayer attached a Dispute & Validation Notice to Exhibit B, which asserted in part:

*"You are further advised that unless you notify The Sayer Law Group, P.C. within 30 days of your receipt of this notice that you dispute the validity of the amount owed to Wells Fargo Bank, N.A. or any portion thereof, the debt will be assumed to be valid."*

18. Exhibit B failed to identify the entities or persons who may assume the alleged debt "to be valid."

19. Exhibit B failed to inform Plaintiff Thome that the alleged debt may only be "assumed to be valid *by the debt collector*" as required by 15 U.S.C. § 1681g(a)(2). (Emphasis added).

20. The 30-day dispute period given in the Dispute & Validation Notice referenced in Exhibit B herein directly contradicts the previous remark that required Plaintiff Thome to pay the full accelerated balance within fourteen (14) days.

21. Exhibit B is confusing and misleading to an unsophisticated consumer.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF KIMBERLY USHER

22. On or about April 25, 2018, Plaintiff Kimberly Usher along with her husband, Rodney Usher, executed a Note (hereinafter "Usher note") in favor of Inlanta Mortgage, Inc. for $103,232.00.

23. Plaintiff Kimberly Usher and Rodney Usher further executed a purchase money mortgage (hereinafter "Usher mortgage") in favor of Inlanta Mortgage, Inc. to secure the above-mentioned Usher note, which was subsequently recorded on April 25, 2018 in the office of the Floyd County Recorder at book 2018, page 842.

24. The mortgaged property's legal description is:

> Lot Two, Block Sixty-Three, Kelly and company's Addition to St. Charles, now incorporated as a part of Charles City, Iowa.

The mortgaged property is locally known as 607 N. Jackson St., Charles City, IA 50616; Plaintiff Kimberly Usher and Rodney Usher presently reside at said address.

25. Sometime after April 25, 2018, Inlanta Mortgage, Inc. sold/assigned the Usher mortgage and Usher note to AmeriHome Mortgage Company, LLC.

26. Sometime after April 25, 2018, Plaintiff Kimberly Usher defaulted on the above-referenced Usher note following a failure to make monthly payments required under the terms of the April 25, 2018 Usher note and Usher mortgage.

27. Sometime after said default, Cenlar FSB, on behalf of AmeriHome Mortgage Company, LLC. retained the services of Defendant Sayer.

28. On or about January 29, 2020, Defendant Sayer sent Plaintiff Kimberly Usher a letter entitled "Demand for Payment," which sought to collect a consumer debt on behalf of AmeriHome Mortgage Company, LLC. Said letter further stated that Plaintiff Kimberly Usher was required to render payment of an accelerated balance of $104,002.33 within fourteen (14) days. A copy of said letter is attached hereto as Exhibit C.

29. In addition to seeking payment on the note, Exhibit C identified Defendant Sayer as a debt collector attempting to collect a debt on behalf of AmeriHome Mortgage Company, LLC.

30. Defendant Sayer attached to Exhibit C a Dispute & Validation Notice, which asserted in part:

    *"You are further advised that unless you notify The Sayer Law Group, P.C. within 30 days of your receipt of this notice that you dispute the validity of the amount owed to AmeriHome Mortgage Company, LLC or any portion thereof, the debt will be assumed to be valid."*

31. Exhibit C failed to identify the entities or persons who may assume the alleged debt "to be valid."

32. Exhibit C failed to inform Plaintiff Kimberly Usher that the alleged debt may only be "assumed to be valid *by the debt collector*." (Emphasis added).

33. The 30-day dispute period given in the Dispute & Validation Notice referenced in Exhibit C directly contradicts the previous remark that required Plaintiffs Usher to pay the full accelerated balance within fourteen (14) days.

34. Exhibit C is confusing and misleading to an unsophisticated consumer.

## FACTUAL ALLEGATIONS COMMON TO ALL PLAINTIFFS

35. At all times relevant hereto, Defendant Sayer attempted to collect debts for personal, family, or household purposes (i.e. home mortgages) alleged to be owed by Plaintiffs and each member of the purported class.

36. Defendant Sayer attempted to collect a debt from Plaintiffs and each member of the purported class when sending letters similar in form to the Demand for Payment letter and attached Dispute & Validation Notice. (See Exhibits B and C).

37. Section 1692g of the FDCPA requires debt collectors to give debtors an effective dispute & validation notice. A proper dispute & validation notice under 15 U.S.C. § 1692g(a)(3) requires a debt collector, within five days after the initial communication with a consumer

6

in connection with the collection of any debt, to send the consumer a written notice containing a statement "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*." 15 U.S.C. § 1692g(a)(3) (emphasis added).

38. Language in letters similar to Exhibits B and C sent to the Plaintiffs and each member of the purported class by Defendant Sayer overshadows and contradicts the Plaintiffs' 30-day validation rights by demanding that that the Plaintiffs <u>must</u> pay the accelerated balance within 14 days from the date of the letter.

39. The language stated in the Dispute & Validation Notice in Exhibits B and C herein fails to recite the language required by 15 U.S.C. § 1692g(a)(3) and therefore creates a false, deceptive, or misleading representation to collect or attempt to collect any debt while further overshadowing Plaintiffs' rights prescribed by 15 U.S.C. § 1692g.

40. Defendant Sayer's statements in the Demand for Payment letter and Dispute & Validation Notice are interpreted under the unsophisticated consumer standard.

## **CLASS ALLEGATIONS**

41. This action is brought on behalf of a class of similarly situated persons defined as (i) all consumers nationwide; (ii) to whom Defendant sent a letter in the form of or similar to Exhibits B and C; (iii) which were not returned as undeliverable; (iv) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendant's or the creditors' records; and (v) allegedly due for a home mortgage.

42. The class period begins one year before the date this case was filed and continues through the conclusion of this case.

43. The class is so numerous that joinder of all members is impracticable.

7

Case 3:20-cv-03058-CJW-MAR    Document 1    Filed 12/03/20    Page 7 of 11

44. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is:
    a. Whether Defendant's use of letters in the form of or similar to the attached Exhibits B and C violated 15 U.S.C §§ 1692e, e(2), e(5), e(10) and g(a).
45. There are no individual questions, other than the identification of class members, which can be determined by ministerial inspection of Defendant's records or records of creditors.
46. Plaintiffs will fairly and adequately protect the interests of the class and are committed to vigorously litigating this matter.
47. Plaintiffs have retained counsel experienced in handling class actions of this type and consumer claims. Neither the Plaintiffs nor their counsel have any interest which might cause her not to vigorously pursue this claim.
48. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.
49. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:
    a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and
    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.
50. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

8

Case 3:20-cv-03058-CJW-MAR   Document 1   Filed 12/03/20   Page 8 of 11

51. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Defendant Sayer, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692 et seq.:

    a. 1692e(2)(a) - Defendant Sayer falsely represented the character, amount, or legal status of a debt;

    b. 1692e(5) - Defendant Sayer used a threat of action that could not legally be taken;

    c. 1692e(10) - Defendant Sayer used false representations in an attempt to collect a debt;

    d. 1692f - Defendant Sayer used unfair or unconscionable means in an attempt to collect a debt;

    e. 1692f(1) - Defendant Sayer used unfair practices means in an attempt to collect a debt;

    f. 1692g - Defendant Sayer's Demand for Payment overshadowed the Plaintiffs' rights stated in Dispute & Validation Notice; and

    g. 1692g(a)(3) - Defendant Sayer's Dispute and Validation Notice attached to its Demand for Payment overshadowed the Plaintiffs' rights by failing to state Plaintiffs' rights as specifically prescribed at 15 U.S.C. § 1692g(a)(3).

54. As a result of each and every violation by Defendant Sayer of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B);

and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant Sayer as follows:

a. Certification of this action to proceed as a class action;

b. Appointing Plaintiff as class representative;

c. Appointing Plaintiff's counsel as class counsel;

d. Entry of the Declaratory Judgment fining Defendant Sayer's practices challenged herein violate the FDCPA;

e. Entry of an Order enjoining Defendant Sayer from engaging in practices which violate the FDCPA;

f. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B) against Defendant Sayer

g. For an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Sayer; and

h. For such other and further relief as may be just and proper.

## **TRIAL BY JURY**

55. Plaintiffs are entitled to, and hereby demand, a trial by jury. US Const. amend. VII; Fed. R. Civ. P. 38.

Dated this 3rd day of December 2020.

Respectfully submitted,

By: /s/ Samuel Z. Marks
Samuel Z. Marks
Attorney I.D. # IS9998821
**MARKS LAW FIRM P.C.**
4225 University Avenue

Des Moines, Iowa 50311
Telephone: (515) 276-7211
Facsimile: (515)276-6280
sam@markslawdm.com
office@markslawdm.com

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
(*TO BE ADMITTED PRO HAC VICE*)

*ATTORNEYS FOR PLAINTIFFS AND THE CLASS*