IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARY THOME and KIMBERLY USHER on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE SAYER LAW GROUP, P.C.,<br><br>    Defendant. | Case No. 3:20-cv-03058-CJW-KEM<br><br>DEFENDANT'S FED. R. CIV. P. 12(b)(1) MOTION TO DISMISS THE AMENDED COMPLAINT |

    Defendant The Sayer Law Group, P.C. submits its Fed. R. Civ. P. 12(b)(1) Motion to Dismiss the Amended Complaint as follows:

    1.    Plaintiffs' Amended Complaint alleges "bare procedural violation[s]" of the Fair Debt Collection Practices Act without injury in fact that is fairly traceable to alleged violations of the statute. *See St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 899 F.3d 500, 504 (8th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, *as revised* (May 24, 2016)); *see also Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 280 (7th Cir. 2020) (quoting *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 694 (7th Cir. 2018)) ("The nonreceipt of information to which a plaintiff is entitled under a statute may amount to a concrete injury, but only if it impairs the plaintiff's 'ability to use [that information] for a substantive purpose that the statute envisioned.'").

    2.    Plaintiffs Mary Thome and Kimberly Usher admit they stopped making payments on promissory notes (secured by residential mortgages) and defaulted. *See* Amended Complaint ¶¶ 9-13, 25-29. Thome and Usher subsequently received letters from The Sayer Law Group, P.C. ("Sayer"), sent on behalf of the note holders. Plaintiffs allege that

Sayer violated their rights under section 1692g of FDCPA because the letters allegedly did not provide clear notice regarding the time allotted to dispute the validity of the sum due, the effect of declining to timely do so, or the impact that filing a foreclosure action had on their ability to dispute the validity of the debt. Plaintiffs, however, never intended to contest the validity of their debts (i.e., they never intended to invoke section 1692g's validation right) due to their conceded default. There was no injury in fact caused by the alleged technical flaws in FDCPA notice. In the absence of injury caused by an alleged statutory violation, Plaintiffs have no standing and their Amended Complaint must be dismissed for lack jurisdiction under Fed. R. Civ. P. 12(b)(1).

3. Additionally, as the public court record of the underlying foreclosure proceedings establishes, Plaintiffs were not uncertain of their rights and did not act to their detriment due to alleged confusion regarding their validation rights under section 1692g of the FDCPA. Quite to the contrary, Plaintiffs, through retained counsel, acknowledged in their foreclosure pleadings that their debts were valid by admitting default on their notes and otherwise asserting rights available to them.[1] *See* Exhibits A-D, *Wells Fargo Bank v. Mary M. Thome*, Cerro Gordo County No. EQCV072068, (Iowa Dist. Ct.) ("*Thome*"); Exhibits E-H, *Amerihome Mortgage Co. v. Kimberly Kay Usher*, Floyd County No. EQCV031508 (Iowa Dist. Ct.) ("*Usher*"). Both filed a demand for delay of sale. *See* Exhibit C, *Thome*, Demand for Delay of Sale; Exhibit G, *Usher*, Written Demand for Three Month Delay. Thome reinstated her mortgage pursuant to a federal regulation, and Usher worked out a loan modification. Exhibit

---

[1] This Court "may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). Regardless, Sayer alternatively lodges a factual challenge to subject matter jurisdiction. *See infra* ¶ 5.

B, *Thome*, Answer at pp. 1-2; Exhibit F, *Usher*, Answer at p. 1. Plaintiffs did not act to their detriment as a result of any alleged deficiencies under section 1692g.

4. Plaintiffs must (but do not) plead facts indicating that alleged procedural violations were of consequence to each of them personally. Plaintiffs allege no concrete and particularized injury caused by any alleged statutory violation, so they lack standing to assert any claims. For all of the reasons set forth in Defendant's Brief in Support of its Fed. R. Civ. P. 12(b)(1) Motion to Dismiss the Amended Complaint submitted contemporaneously herewith, Plaintiffs' Amended Complaint must be dismissed in their entirety for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

5. Alternatively, Defendant Sayer respectfully requests that the Court schedule an evidentiary hearing regarding this Court's subject matter jurisdiction over Plaintiffs' claims.

WHEREFORE, Defendant The Sayer Law Group, P.C. respectfully requests that this Court enter an Order dismissing Plaintiffs Mary Thome and Kimberly Usher's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, Defendant Sayer respectfully requests that the Court schedule an evidentiary hearing regarding this Court's subject matter jurisdiction over Plaintiffs' claims.

SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ Kevin J. Visser
Kevin J. Visser AT0008101
Paul D. Gamez AT0002806
Nicholas Petersen AT0012570
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: kvisser@spmblaw.com
pgamez@spmblaw.com
npetersen@spmblaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on February 25, 2021, I filed the foregoing using the Court's CM/ECF system, which will send notification of said filing to all attorneys of record.

                                          /s/Kevin J. Visser