IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARY THOME and KIMBERLY USHER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SAYER LAW GROUP, P.C.,<br><br>Defendant. | Case No. 3:20-cv-03058-CJW-KEM<br><br>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND |

Defendant The Sayer Law Group, P.C. ("SLG") submits the following Answer, Affirmative Defenses, and Jury Demand:

## ANSWER

1. This action arises out of Defendant's violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**ANSWER: Paragraph 1 calls for a conclusion of law and no response is required. To the extent a response is required, SLG admits that Plaintiffs allege claims under the FDCPA, but SLG denies those claims.**

2. This Class Action Complaint seeks, on behalf of the Plaintiffs and all other consumers nationwide similarly situated, declaratory judgment, injunctive relief, as well as statutory damages against the Defendant for its routine practices of sending collection letters in similar form as Exhibits B and C to consumers nationwide in violation of 15 U.S.C. §§ 1692e, e(2), e(5), e(10) and g(a).

1

**ANSWER: Paragraph 2 calls for a conclusion of law and no response is required. To the extent a response is required, SLG admits that Plaintiffs allege putative class action claims under the FDCPA, but SLG denies those claims.**

3. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692, and 28 U.S.C. § 1331.

**ANSWER: Denied insofar as jurisdiction is lacking because Plaintiffs do not have Article III standing to bring their claims.**

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, one or more of the Plaintiffs reside in this District, and the Defendant transacts substantial business in this District.

**ANSWER: Admitted.**

5. Plaintiff, Mary Thome (hereinafter "Plaintiff Thome"), is a natural person who resides in the city of Meservey, county of Cerro Gordo, state of Iowa, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**ANSWER: Denied for lack of information.**

6. Plaintiff Kimberly Usher (hereinafter "Plaintiff Usher"), is a natural person who resides in the city of Charles City, county of Floyd, state of Iowa, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**ANSWER: Denied for lack of information.**

7. Defendant Sayer is a professional corporation incorporated under the laws of the state of Iowa, is licensed to do business in the state of Iowa, regularly conducts business within said State, has a principal place of business located at 925 E. 4th Street, Waterloo, Iowa 50703, and has a registered agent, Brian G. Sayer, in the state of Iowa at 925 E. 4th

Street, Waterloo, IA 50703. Defendant Sayer is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER: SLG admits it is a professional corporation that conducts business in Iowa, its principal place of business, and the identity of its registered agent, but denies that it is a "debt collector" as defined by 15 U.S.C. § 1692a(6).**

8. The FDCPA was enacted to eliminate abusive, deceptive, and unfair debt collection practices because prior law was inadequate and is constructed "to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

**ANSWER: Paragraph 8 calls for a conclusion of law and no response is required. To the extent a response is required, SLG admits Paragraph 8 in part and denies it in part. Paragraph 8 does not state the full purpose of the FDCPA or particular provisions within the FDCPA.**

9. On or about March 25, 2015, Plaintiff Thome executed a Note (hereinafter "Thome note"), in favor of Mortgage Research Center, LLC dba Veterans United Home Loans, A Missouri Limited Liability Company for $49,000.00.

**ANSWER: Admitted.**

10. Plaintiff Thome further executed a mortgage (hereinafter "Thome mortgage") in favor of Mortgage Research Center, LLC dba Veterans United Home Loans, A Missouri Limited Liability Company to secure the above-mentioned Thome note, which was subsequently recorded on March 26, 2015 in the office of the Cerro Gordo County Recorder at book 2015, page 1633.

**ANSWER: Admitted.**

3

11. The mortgaged property's legal description is:

The East Eighty (80) Feet of Lots Four (4), Five (5) and Six (6) in Block Fourteen (14) in Meservey, Iowa.

The mortgaged property is locally known as 209 Ohio St., Meservey, IA 50457; Plaintiff Thome presently resides at said address.

**ANSWER: Admitted.**

12. Sometime after March 25, 2015, Mortgage Research Center, LLC sold/assigned the Thome mortgage and Thome note to Wells Fargo Home Mortgage.

**ANSWER: Admitted.**

13. Sometime after March 25, 2015, Plaintiff Thome defaulted on the above-referenced Thome Note following a failure to make monthly payments required under the terms Thome note and Thome mortgage.

**ANSWER: Admitted.**

14. Sometime after said default, Wells Fargo Home Mortgage retained the services of Defendant Sayer, a self-acknowledged debt collector as indicated on Defendant Sayer's website, www.sayerlaw.com, as of December 3, 2020. A copy of the web page is attached hereto as Exhibit A.

**ANSWER: Admitted that Wells Fargo Home Mortgage engaged SLG in relation to Thome's default and admitted that SLG web page is accurately depicted, but SLG's status with respect to the FDCPA is a conclusion of law and no response is required. To the extent a response is required, SLG denies that it can be legally classified as a "debt collector" as defined under the FDCPA regardless of how, out of an abundance of caution, it describes itself.**

15. On or about January 27, 2020, Defendant Sayer sent Plaintiff Thome a letter entitled "Demand for Payment," which sought to collect a consumer debt on behalf of Wells Fargo Home Mortgage. Said letter stated in part that Plaintiff Thome was required to render payment of an accelerated balance of $46,055.75 within fourteen (14) days. A copy of said letter is attached hereto as Exhibit B.

**ANSWER: Admitted that SLG sent the letter identified as Exhibit B on January 27, 2020, the contents of which speak for itself. The balance of the allegations are denied.**

16. In addition to seeking payment on the Thome note, Exhibit B identified Defendant Sayer as a debt collector attempting to collect a debt on behalf of Wells Fargo Home Mortgage.

**ANSWER: Admitted that SLG sent the letter identified as Exhibit B on January 27, 2020, the contents of which speak for itself. SLG's status with respect to the FDCPA is a conclusion of law and no response is required. To the extent a response is required, SLG denies that it can be legally classified as a "debt collector" as defined under the FDCPA regardless of how, out of an abundance of caution, it describes itself.**

17. Defendant Sayer attached a Dispute & Validation Notice to Exhibit B, which asserted in part:

> *"You are further advised that unless you notify The Sayer Law Group, P.C. within 30 days of your receipt of this notice that you dispute the validity of the amount owed to Wells Fargo Bank, N.A. or any portion thereof, the debt will be assumed to be valid."*

**ANSWER: Admitted that the language quoted appears in a portion of the letter attached as Exhibit B but the balance of the allegations are denied.**

5

18. Exhibit B failed to identify the entities or persons who may assume the alleged debt "to be valid."

**ANSWER: Denied**.

19. Exhibit B failed to inform Plaintiff Thome that the alleged debt may only be "assumed to be valid *by the debt collector*" as required by 15 U.S.C. § 1681g(a)(2). (Emphasis added).

**ANSWER: Denied**.

20. The 30-day dispute period given in the Dispute & Validation Notice referenced in Exhibit B herein directly contradicts the previous remark that required Plaintiff Thome to pay the full accelerated balance within fourteen (14) days.

**ANSWER: Denied**.

21. Exhibit B is confusing and misleading to an unsophisticated consumer.

**ANSWER: Denied**.

22. Defendant Sayer filed a foreclosure action on February 11, 2020; a mere fifteen days following the date of the Validating Notice and before the end of the 30-day validation period.

**ANSWER: Admitted that SLG filed a foreclosure action on February 11, 2020. No response is required to Paragraph 22's characterization of the filing, and the balance of the allegations are denied.**

23. As a result of Defendant Sayer's confusing and misleading Dispute & Validation Notice, Plaintiff Thome was confused about her rights. Specifically, Plaintiff Thome believed the 14 days controlled and that she had lost her right and the benefits of disputing the debt once the foreclosure action had been filed.

**ANSWER: Denied**.

24. Moreover, Plaintiff Thome believed she had lost her right to delay the foreclosure proceeding; feared for the loss of her home; struggled with her PTSD; suffered from sleep deprivation and anxiety; and was prescribed anti-anxiety medication

**ANSWER: Denied**.

25. On or about April 25, 2018, Plaintiff Kimberly Usher along with her husband, Rodney Usher, executed a Note (hereinafter "Usher note") in favor of Inlanta Mortgage, Inc. for $103,232.00.

**ANSWER: Admitted**.

26. Plaintiff Kimberly Usher and Rodney Usher further executed a purchase money mortgage (hereinafter "Usher mortgage") in favor of Inlanta Mortgage, Inc. to secure the above-mentioned Usher note, which was subsequently recorded on April 25, 2018 in the office of the Floyd County Recorder at book 2018, page 842.

**ANSWER: Admitted**.

27. The mortgaged property's legal description is:

> Lot Two, Block Sixty-Three, Kelly and company's Addition to St. Charles, now incorporated as a part of Charles City, Iowa.

The mortgaged property is locally known as 607 N. Jackson St., Charles City, IA 50616; Plaintiff Kimberly Usher and Rodney Usher presently reside at said address.

**ANSWER: Admitted.**

28. Sometime after April 25, 2018, Inlanta Mortgage, Inc. sold/assigned the Usher mortgage and Usher note to AmeriHome Mortgage Company, LLC.

**ANSWER: Admitted.**

29. Sometime after April 25, 2018, Plaintiff Kimberly Usher defaulted on the above-referenced Usher note following a failure to make monthly payments required under the terms of the April 25, 2018 Usher note and Usher mortgage.

**ANSWER: Admitted.**

30. Sometime after said default, Cenlar FSB, on behalf of AmeriHome Mortgage Company, LLC. retained the services of Defendant Sayer.

**ANSWER: Admitted SLG was engaged in relation to Usher's default.**

31. On or about January 29, 2020, Defendant Sayer sent Plaintiff Kimberly Usher a letter entitled "Demand for Payment," which sought to collect a consumer debt on behalf of AmeriHome Mortgage Company, LLC. Said letter further stated that Plaintiff Kimberly Usher was required to render payment of an accelerated balance of $104,002.33 within fourteen (14) days. A copy of said letter is attached hereto as Exhibit C.

**ANSWER: Admitted that SLG sent the letter identified as Exhibit C on January 29, 2020, the contents of which speak for itself. The balance of the allegations are denied.**

32. In addition to seeking payment on the note, Exhibit C identified Defendant Sayer as a debt collector attempting to collect a debt on behalf of AmeriHome Mortgage Company, LLC.

**ANSWER: Admitted that SLG sent the letter identified as Exhibit C on January 29, 2020, the contents of which speak for itself. SLG's status with respect to the FDCPA is a conclusion of law and no response is required. To the extent a response is required, SLG denies that it can be legally classified as a "debt collector" as defined under the FDCPA regardless of how, out of an abundance of caution, it describes itself.**

8

33. Defendant Sayer attached to Exhibit C a Dispute & Validation Notice, which asserted in part:

> *"You are further advised that unless you notify The Sayer Law Group, P.C. within 30 days of your receipt of this notice that you dispute the validity of the amount owed to AmeriHome Mortgage Company, LLC or any portion thereof, the debt will be assumed to be valid."*

**ANSWER: Admitted that the language quoted appears in a portion of the letter attached as Exhibit C but the balance of the allegations are denied.**

34. Exhibit C failed to identify the entities or persons who may assume the alleged debt "to be valid."

**ANSWER: Denied**.

35. Exhibit C failed to inform Plaintiff Kimberly Usher that the alleged debt may only be "assumed to be valid *by the debt collector*." (Emphasis added).

**ANSWER: Denied**.

36. The 30-day dispute period given in the Dispute & Validation Notice referenced in Exhibit C directly contradicts the previous remark that required Plaintiffs Usher to pay the full accelerated balance within fourteen (14) days.

**ANSWER: Denied**.

37. Exhibit C is confusing and misleading to an unsophisticated consumer.

**ANSWER: Denied**.

38. Defendant Sayer filed a foreclosure action on February 17, 2020; a mere nineteen days following the date of the Validating Notice and before the end of the 30-day validation period.

**ANSWER: Admitted that SLG filed a foreclosure action on February 17, 2020. No response is required to Paragraph 22's characterization of the filing, and the balance of the allegations are denied.**

39. As a result of Defendant Sayer's confusing and misleading Dispute & Validation Notice, Plaintiff Usher was confused about her rights. Specifically, Plaintiff Usher believed the 14 days controlled and that she had lost her right and the benefits of disputing the debt once the foreclosure action had been filed.

**ANSWER: Denied**.

40. Moreover, Plaintiff Usher believed she had lost her right to delay the foreclosure proceeding; feared for the loss of her home; struggled with her familial relationships; and suffered from sleep deprivation and anxiety.

**ANSWER: Denied**.

41. At all times relevant hereto, Defendant Sayer attempted to collect debts for personal, family, or household purposes (i.e. home mortgages) alleged to be owed by Plaintiffs and each member of the purported class.

**ANSWER: Denied**.

42. Defendant Sayer attempted to collect a debt from Plaintiffs and each member of the purported class when sending letters similar in form to the Demand for Payment letter and attached Dispute & Validation Notice. (See Exhibits B and C).

**ANSWER: Denied**.

43. Section 1692g of the FDCPA requires debt collectors to give debtors an effective dispute & validation notice. A proper dispute & validation notice under 15 U.S.C. § 1692g(a)(3) requires a debt collector, within five days after the initial communication with a

consumer in connection with the collection of any debt, to send the consumer a written notice containing a statement "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*." 15 U.S.C. § 1692g(a)(3) (emphasis added).

**ANSWER: Paragraph 43 sets forth a legal conclusion to which no response is required. To the extent a response is required, admitted that excerpts of the FDCPA are quoted but denied as an incomplete summary of the FDCPA's obligations.**

44. Language in letters similar to Exhibits B and C sent to the Plaintiffs and each member of the purported class by Defendant Sayer overshadows and contradicts the Plaintiffs' 30-day validation rights by demanding that that the Plaintiffs must pay the accelerated balance within 14 days from the date of the letter.

**ANSWER: Denied insofar as no class has been certified and the language in Exhibits B and C does not overshadow or contradict any 30-day validation period.**

45. The language stated in the Dispute & Validation Notice in Exhibits B and C herein fails to recite the language required by 15 U.S.C. § 1692g(a)(3) and therefore creates a false, deceptive, or misleading representation to collect or attempt to collect any debt while further overshadowing Plaintiffs' rights prescribed by 15 U.S.C. § 1692g.

**ANSWER: Denied**.

46. Defendant Sayer's statements in the Demand for Payment letter and Dispute & Validation Notice are interpreted under the unsophisticated consumer standard.

**ANSWER: Denied insofar as the FDPCA applies. Regardless, Paragraph 46 is a legal conclusion to which no response is required.**

47. The United States Congress has stated that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692. Congress further stated that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*

**ANSWER: Admitted that 15 U.S.C. § 1692(a) so states.**

48. In order to partially deal with the stated issues above, Congress created a right to receive certain notices spelled out in section 1692g of the FDCPA to avoid confusion and educate a consumer as to what his rights are; how to exercise his rights; and the consequences of exercising his rights.

**ANSWER: The purpose of section 1692g of the FDCPA is a legal conclusion to which no response is required. To the extent a response is required, denied insofar as Paragraph 48 purports to identify the motivations of Congress for 1692g of the FDCPA.**

49. More plainly stated, both Plaintiffs herein and others similarly situated enjoy the right to receive from debt collectors such as the Defendant those notices which state their rights under section 1692g of the FDCPA.

**ANSWER: Plaintiffs' right to receive notice from SLG or other is a legal conclusion to which no response is required. To the extent a response is required, denied.**

50. Defendant's failure to provide the required notices pursuant to 15 U.S.C. § 1692g (deficient language) injured the rights of the Plaintiffs and others similarly situated to receive notice of said rights and therefore created a harm which was concrete and particularized to each of the Plaintiffs.

ANSWER: Denied.

51. This action is brought on behalf of a class of similarly situated persons defined as (i) all consumers nationwide; (ii) to whom Defendant sent a letter in the form of or similar to Exhibits B and C; (iii) which were not returned as undeliverable; (iv) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendant's or the creditors' records; and (v) allegedly due for a home mortgage.

**ANSWER: Admitted that Plaintiffs seek to represent a purported class as described, but SLG denies the remaining allegations of Paragraph 51.**

52. The class period begins one year before the date this case was filed and continues through the conclusion of this case.

**ANSWER: Paragraph 52 is a legal conclusion to which no response is required. To the extent a response is required, denied.**

53. The class is so numerous that joinder of all members is impracticable.

**ANSWER: Paragraph 53 is a legal conclusion to which no response is required. To the extent a response is required, denied.**

54. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is: a. Whether Defendant's use of letters in the form of or similar to the attached Exhibits B and C violated 15 U.S.C §§ 1692e, e(2), e(5), e(10) and g(a).

**ANSWER: Paragraph 54 is a legal conclusion to which no response is required. To the extent a response is required, denied.**

55. There are no individual questions, other than the identification of class members, which can be determined by ministerial inspection of Defendant's records or records of creditors.

**ANSWER: Paragraph 55 is a legal conclusion to which no response is required. To the extent a response is required, denied.**

56. Plaintiffs will fairly and adequately protect the interests of the class and are committed to vigorously litigating this matter.

**ANSWER: Paragraph 56 is a legal conclusion to which no response is required. To the extent a response is required, denied.**

57. Plaintiffs have retained counsel experienced in handling class actions of this type and consumer claims. Neither the Plaintiffs nor their counsel have any interest which might cause her not to vigorously pursue this claim.

**ANSWER: Denied for lack of information.**

58. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

**ANSWER: Paragraph 58 is a legal conclusion to which no response is required. To the extent a response is required, denied.**

59. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER: Paragraph 59 is a legal conclusion to which no response is required. To the extent a response is required, denied.**

60. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

**ANSWER: Paragraph 60 is a legal conclusion to which no response is required. To the extent a response is required, denied.**

61. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

**ANSWER: Admitted that Plaintiffs seek to represent a purported class as described, but SLG denies the remaining allegations of Paragraph 61.**

## COUNT I

62. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER: SLG incorporates by reference each of its Answers above.**

63. Defendant Sayer, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692 et seq.:

a. 1692e(2)(a) - Defendant Sayer falsely represented the character, amount, or legal status of a debt;

b. 1692e(5) - Defendant Sayer used a threat of action that could not legally be taken;

c. 1692e(10) - Defendant Sayer used false representations in an attempt to collect a debt;

d. 1692f - Defendant Sayer used unfair or unconscionable means in an attempt to collect a debt;

e. 1692f(1) - Defendant Sayer used unfair practices means in an attempt to collect a debt;

f. 1692g - Defendant Sayer's Demand for Payment overshadowed the Plaintiffs' rights stated in Dispute & Validation Notice;

g. 1692g(a)(3) – Defendant Sayer violated the Plaintiffs' rights created by Congress by failing to give the required notice under 15 U.S.C. § 1692g(a)(3).

h. 1692g(b) - Defendant Sayer's Dispute and Validation Notice attached to its Demand for Payment overshadowed the Plaintiffs' rights by failing to state Plaintiffs' rights as specifically prescribed at 15 U.S.C. § 1692g(a)(3).

**ANSWER: Denied.**

64. As a result of each and every violation by Defendant Sayer of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**ANSWER: Denied.**

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have no standing and their Amended Complaint must be dismissed for lack jurisdiction.

2. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted against SLG.

3. SLG was not a debt collector and the FDCPA does not apply because it waive its right to any deficiency judgment and sought judgment on foreclosure solely *in rem*.

4. The conduct, acts, and/or omissions of the Plaintiffs caused all or part of the damages they purport and now seek.

5. If Plaintiffs have been damaged, other causes have contributed to the same.

6. Plaintiffs' claims for statutory damages are barred based on SLG's good faith efforts to comply with all applicable law, lack of any intent to violate any law, and all other relevant considerations under 15 U.S.C. § 1692k.

7. To the extent that Plaintiffs have failed to mitigate the damages they now seek, they are barred, in whole or in part, from recovery in this action.

8. To the extent that Plaintiffs' damages are speculative, such damages are unrecoverable as a matter of law.

9. Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies at law.

10. This lawsuit may not be properly maintained as a class action because Plaintiffs have failed to plead and cannot establish the necessary prerequisites for class treatment.

11. SLG reserves the right to assert additional affirmative defenses as necessary.

WHEREFORE, Defendant The Sayer Law Group, P.C. respectfully requests that this Court enter an Order dismissing Plaintiffs Mary Thome and Kimberly Usher's Amended

Complaint in its entirety, and grant any such other relief this Court deems to be fair and equitable.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ Kevin J. Visser
Kevin J. Visser AT0008101
Paul D. Gamez AT0002806
Nicholas Petersen AT0012570
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: kvisser@spmblaw.com
pgamez@spmblaw.com
npetersen@spmblaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, I filed the foregoing using the Court's CM/ECF system, which will send notification of said filing to all attorneys of record.

/s/Kevin J. Visser